FILED

2013 AUG 26 PM 1:48

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOANNE KELSO; an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KAY JEWELERS, INC., a foreign corporation; and DOES 1 to 10, inclusive, Defendant(s). | Case No.: 2:13-cv-623-FtM-38UAM<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR:<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]<br><br>2. VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT [FLA. STAT. §§ 559.55—559.785] |

## COMPLAINT FOR DAMAGES

### I.  INTRODUCTION

1.  JoAnne Kelso ("Plaintiff") brings this action against Kay Jewelers, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. §§ 559.55—559.785. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"). The FCCPA prohibits debt collectors from engaging in abusive, deceptive or unfair practices in connection with debt collection.

///

///

- 1 -

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim as it is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III. PARTIES

4. Plaintiff is an individual residing in Cape Coral, Lee County, Florida 33993. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and as such, Plaintiff is a "debtor" or "consumer" as defined by FLA. STAT. § 559.55(2).

5. Defendant is a foreign corporation, registered under the laws of the State of Ohio. Defendant's principal place of business is located at 375 Ghent Road, Akron, Ohio 44333. Defendant is registered with the Florida Department of State, Division of Corporations. Defendant's agent for service of process in Florida is CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

6. Defendant is any person who offers or extends credit creating a debt or to whom a debt is owed and as such, Defendant is a "creditor" as defined by FLA. STAT. § 559.55(3).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff,

who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

8. Within two years prior to the filing of this action, Defendant attempted to collect from Plaintiff any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment (alleged debt). Therefore, within two years prior to the filing of this action, Defendant attempted to collect from Plaintiff a "debt" or a "consumer debt" as defined by FLA. STAT. § 559.55(1).

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (205) 680-8914, (207) 947-4493, (215) 464-8137, (215) 464-8138, (251) 928-0568, (303) 904-6771, (305) 682-8706, (310) 203-9289, (310) 203-9693, (330) 493-9013, (352) 873-1452, (404) 350-0314, (407) 299-5355, (414) 744-3906, (417) 282-1425, (419) 693-9261, (480) 649-4273, (502) 969-2140, (502) 259-5049, (540) 563-3099, (563) 445-4345, (614) 237-4690, (616) 554-7231, (617) 484-1482, (618) 224-7197, (620) 783-1680, (630) 920-1248, (734) 434-2216, (770) 297-6306, (773) 792-1385, (814) 459-5168, (866) 207-1137, (904) 396-6341, (909) 988-1482, (918) 295-8622, (940) 349-5420, (941) 355-5891, (954) 515, 5146, (954) 584-6301, (956) 364-3088, (973) 266-7846, and (989) 894-2086. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers (205) 680-8914, (207) 947-4493, (215) 464-8137, (215) 464-8138, (251) 928-0568, (303) 904-6771, (305) 682-8706, (310) 203-9289, (310) 203-9693, (330) 493-9013, (352) 873-1452,

(404) 350-0314, (407) 299-5355, (414) 744-3906, (417) 282-1425, (419) 693-9261, (480) 649-4273, (502) 969-2140, (502) 259-5049, (540) 563-3099, (563) 445-4345, (614) 237-4690, (616) 554-7231, (617) 484-1482, (618) 224-7197, (620) 783-1680, (630) 920-1248, (734) 434-2216, (770) 297-6306, (773) 792-1385, (814) 459-5168, (866) 207-1137, (904) 396-6341, (909) 988-1482, (918) 295-8622, (940) 349-5420, (941) 355-5891, (954) 515, 5146, (954) 584-6301, (956) 364-3088, (973) 266-7846, and (989) 894-2086.

10. Between July 14, 2013 and August 13, 2013, Defendant called Plaintiff from no less than forty-two (42) different numbers.

11. Within two years prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff from an "unknown" and/or "blocked" telephone number.

12. Within two years prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number (239) 209-0249.

13. Within two years prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations with such frequency as can reasonably be expected to harass Plaintiff.

14. Between July 14, 2013 and August 13, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone number (239) 209-0249 no less than sixty-three (63) times.

15. Within two years prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day. For example, on or about, but not limited August 3, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone number (239) 209-0249 no less than five (5) times over the course of one day. For example, on or about, but not limited August 7, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone number (239) 209-0249 no less than four (4) times over the course of one day.

16. On or about July 26, 2013, at approximately 8:12 p.m., Defendant called Plaintiff's cellular telephone from Defendant's telephone number (516) 542-1071. Plaintiff spoke with a representative of Defendant. Plaintiff told Defendant that she is unable to make any payments at this time. Plaintiff told Defendant not to call her in the future.

17. Subsequent to July 26, 2013, Defendant called Plaintiff no less than thirty-nine (39) times.

18. On or about August 5, 2013, Plaintiff notified Defendant in writing that Defendant was calling Plaintiff at Plaintiff's cellular telephone. Plaintiff notified Defendant in writing that Plaintiff was unable to pay Defendant. Plaintiff requested in writing that Defendant cease contacting Plaintiff. A true and correct copy of Plaintiff's letter to Defendant dated August 5, 2013, is attached hereto as "Exhibit A."

19. Subsequent to August 5, 2013, Defendant called Plaintiff no less than twenty-one (21) times.

20. On or about August 8, 2013, at approximately 2:02 p.m., Defendant called Plaintiff's cellular telephone from Defendant's telephone number (563) 445-4345. Plaintiff spoke with a representative of Defendant. Plaintiff told Defendant that she is unable to make any payments at this time. Plaintiff told Defendant not to call her in the future.

21. Subsequent to August 8, 2013, Defendant called Plaintiff no less than fifteen (15) times.

22. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

23. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. At all times relevant to this action, while conducting business in Florida, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

25. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

26. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (239) 209-0249 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

27. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

28. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or

prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on, but not limited to, July 26, 2013, August 5, 2013, and August 8, 2013.

29. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

30. Defendant is not a tax exempt nonprofit organization.

31. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff demanded no less than three (3) times that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

32. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than thirty-nine (39) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V. FIRST CAUSE OF ACTION

(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone

number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## V. SECOND CAUSE OF ACTION

(Violation of the FCCPA, FLA. STAT. §§ 559.55—559.785)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated FLA. STAT. § 559.72(7) by "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which

can reasonably be expected to abuse or harass the debtor or any member of her or his family;" and

(b) Defendant violated FLA. STAT. § 559.72(15) by refusing "to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;" and

39. Defendant's conduct as detailed above were done willfully, for the purpose of harassing Plaintiff to pay the alleged debt.

40. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the TCPA and the FCCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to FLA. STAT. § 559.77(2) and 47 U.S.C. § 227(b)(3)(B); and

(d) Statutory damages pursuant to FLA. STAT. § 559.77(2); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney fees pursuant to FLA. STAT. § 559.77(2); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) For such other and further relief as the Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED

Dated: August 21, 2013

CRUMLEY & WOLFE, P.A.

By: /s/ Benjamin H. Crumley
Benjamin H. Crumley
Florida Bar Number: S18284
ben@cwbfl.com
Crumley & Wolfe, P.A.
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone: 904.374.0111
Facsimile: 904.374.0113
*Attorney for Plaintiff*